BRUCE NAPELL (State Bar No. 115116)
BRYAN W. DILLON (State Bar No. 203052)
SINGLER, NAPELL & DILLON, LLP
127 S. Main Street
Sebastopol, California 95472
Telephone: (707) 823-8719
Facsimile:  (707) 823-8737

Attorneys for S.N.D.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.N.D.A., a California non-profit mutual benefit corporation,<br><br>       Plaintiff,<br><br>   v.<br><br>SONITROL CORPORATION, a Delaware corporation; and DOES 1-50.<br><br>       Defendants. | CASE NO.  08-CV-02168 JL<br><br>PLANITIFF'S NOTICE OF MOTION AND MOTION TO REMAND AND FOR ATTORNEYS' FEES<br>(28 USCA 1447(c))<br><br><br>Date:     May 28, 2008<br>Time:     9:30 a.m.<br>Courtroom:  F<br><br>Hon.  James Larson<br>United States Magistrate Judge |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on May 28, 2008 at 9:30 a.m., in Courtroom F of this court, located at 450 Golden Gate Avenue, San Francisco, California, pursuant to 28 USC § 1447(c) Plaintiff S.N.D.A.  will move to remand this matter on the ground that this Court lacks subject matter jurisdiction, and will further move for an award of costs and attorneys' fees due to improper removal.

SINGLER, NAPELL & DILLON, LLP
127 S. Main Street, Sebastopol, CA  95472
(707) 823-8719  (707) 823-8737 Fax

1    The motion will be based upon this Notice, the points and authorities set forth below, the

2    concurrently filed declaration of Bruce Napell, the complete files and records of this action and on

3    such further evidence as the Court may deem necessary.

4

5    May 12, 2008                                    **Singler, Napell & Dillon, LLP.**

6

7    By: _____/s/_____

8                                                    Bruce Napell,
                                                     Attorneys for SNDA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SINGLER, NAPELL & DILLON, LLP
127 S. Main Street, Sebastopol, CA 95472
(707) 823-8719  (707) 823-8737 Fax

2

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

3

### I.    INTRODUCTION

4

Where a trade association sues as a representative of its members, the members are the real

5

parties in interest, and their citizenship controls for diversity purposes.  Members of Plaintiff

6

SNDA are citizens of the same states as defendant Sonitrol Corporation (hereinafter "Sonitrol").

7

There is therefore no diversity of citizenship.  Because this case involves no federal question, and

8

there is no diversity between the parties, removal was improper.  The court must therefore remand

9

the case to the state court from which it originated - the Superior Court of the State of California

10

for the County of San Francisco.

11

### II.    FACTUAL BACKGROUND

12

13

This case was initially filed on April 17, 2008, in the Superior Court of the State of

14

California for the County of San Francisco.   The complaint, which states eight causes of action

15

for declaratory and injunctive relief, is brought on behalf of SNDA's members; SNDA does not

16

assert its own rights or seek any remedies on its own behalf.  On or about April 28, 2008, Sonitrol

17

removed the case to the United States District Court for the Northern District of California, by

18

filing a Notice of Removal.

19

Sonitrol is a Delaware corporation having its principal place of business in Berwyn,

20

Pennsylvania.[1]   For diversity purposes, it is a citizen of both Delaware and Pennsylvania.  SNDA

21

is a California corporation established as a trade association made up of Sonitrol Franchisees.   As

22

alleged in the verified Complaint, SNDA has members in approximately 32 of the United States,

23

including California, Delaware and Pennsylvania.   This case involves no federal question; SNDA

24

is seeking declaratory and injunctive relief relating to its members' franchise agreements with

25

Sonitrol, and is suing in a wholly representative capacity on behalf of its members.  Its members

26

are therefore the real parties in interest, and their citizenship is determinative of the presence or

27

absence of diversity for the purpose of establishing this court's jurisdiction.

28

[1]   See Complaint and Answer, ¶ 2.

SINGLER, NAPELL & DILLON, LLP
127 S. Main Street, Sebastopol, CA  95472
(707) 823-8719  (707) 823-8737 Fax

3

1

2

## III.    LEGAL ARGUMENT

### 1.    There is no Diversity Jurisdiction Because SNDA has Members who are Citizens of the Same States as Defendants.

3

4

Gnerally, for purposes of diversity jurisdiction the relevant citizenship is that of the trade

association rather than that of its members.   See *National Association of Realtors v. National Real

Estate Association, Inc*., 894 F.2d 937, 939 (7th Cir.1990).  But the general rule "presupposes that

the wrong is to the corporation rather than to the shareholders or members directly."[2]   Where the

members are the real parties in interest, "it is their citizenship that counts for diversity purposes."

Where some members of the trade association are citizens of the same state as the defendant, "the

requirement of complete diversity of citizenship is indeed not satisfied."  *Id*.

5

6

7

8

9

10

The Northern District case of *Zee Medical Distributor Association, Inc. v. Zee Medical,

Inc*. 23 F.Supp.2d 1151 (N.D.Cal. 1998) is directly on point.  Zee Medical was a diversity case

brought by the Zee Medical Distributor Association, Inc., ("ZMDA") a trade association

comprised of entities domiciled throughout the United States who had contracts to distribute Zee

Medical, Inc.'s products.  ZMDA brought suit against Zee Medical, Inc., seeking a declaratory

judgment that its members' distributorship agreements with Zee Medical, Inc., were not

terminable at will.  Zee Medical, Inc., was a California corporation.  Upon learning that some of

ZMDA's members were also California citizens, the court required the parties to file briefs

addressing whether the requirements of diversity jurisdiction were satisfied.[3]

11

12

13

14

15

16

17

18

19

The court determined that ZMDA was suing on behalf of its members, and that the

members' citizenship was therefore determinative of diversity:

20

21

22

23

24

> ZMDA, by coming to federal court to obtain a declaratory judgment on
> the language of contracts entered into by its individual members,
> asserts no corporate interest of its own.  ZMDA is not a party to any of
> these contracts, nor would the declaratory judgment affect its rights or
> privileges as a legal entity in any way. Rather, it has come to federal

25

26

27

[2] The Court in *National Association of Realtors* clarified the distinction by example:  "If the defendants had blown up [the trade association's] corporate headquarters, or broken a contract they had with the association, the wrong would be to the association even though the loss resulting from it would be borne ultimately by the real estate agents who are its members."  See *National Association of Realtors*, 894 F.2d at 939.

28

[3] In *Zee Medical* both parties preferred to remain in federal court.

SINGLER, NAPELL & DILLON, LLP
127 S. Main Street, Sebastopol, CA  95472
(707) 823-8719  (707) 823-8737 Fax

4

> court solely in its representative capacity to assert the rights of its
> members. As such, to use the phrase articulated by the Supreme Court,
> it comes to federal court as a "mere collection of individuals" who are,
> essentially, "suing in their collective name." *Navarro* [*Savings Ass'n v.
> Lee*, 446 U.S. 458] at 461, 100 S.Ct. 1779 [1980]. Those individuals
> are the real parties to the controversy in terms of diversity jurisdiction.
> *Zee Medical Distributor Association, Inc. v. Zee Medical, Inc., Supra*,
> 23 F.Supp.2d 1151, 1156.[4]

SNDA does not make any claims on its own behalf.  As in Zee Medical, SNDA's claims for

declaratory and injunctive relief are based on contracts between its members and the defendant –

here, franchise agreements between Sonitrol and SNDA's members:  "For the purposes of this

action, SNDA is representing the interests of its Active Members throughout the U.S. and Canada,

who will be referred to simply as the 'Members.'"  (Complaint at 2:28-3:1).

Because the purpose of this lawsuit is a determination of rights between Sonitrol and its

franchisees - i.e., SNDA's members – the franchisees are the real parties in interest, and the real

parties to the controversy.  When SNDA's members' citizenship is considered, diversity is

destroyed.  For purposes of diversity jurisdiction, Sonitrol is a citizen of both Pennsylvania and

Delaware.   See Notice of Removal at p.3, ¶ 7.  SNDA has members in approximately 32 States,

including members in both Pennsylvania and Delaware.  See Declaration of Bruce Napell at p. 2, ¶

6.  As such, complete diversity is lacking, and this court is without subject matter jurisdiction.

See 28 U.S.C.  § 1332(a)(1).

> **2.    Where There is no Diversity Jurisdiction, the Court Must
> Remand the Case Back to the State Court from Which it
> Originated.**

Where a case has been removed, if at any time before final judgment, it appears the court

lacks subject matter jurisdiction, the court must remand the case to the state court from which it

originated.   See 28 USCA § 1447(c).  Here there is no federal question which would confer

subject matter jurisdiction.  (See Complaint; see also Notice of Removal).  Sonitrol's allegation of

---

[4] In *Zee Medical* the court discussed three Circuit Court cases which hold, consistently with
*Navarro*, that when a corporation brings suit in a representative capacity, it is not the "real party
to the controversy," but that its members' citizenship determines diversity:  *National Association
of Realtors v. National Real Estate Association*, 894 F.2d 937 (7th Cir. 1990); *Airlines Reporting
Corp. v. S and N Travel, Inc.,* 58 F.3d 857 (2d Cir. 1995); and  *Associated Insurance
Management Corp. v. Arkansas General Agency, Inc*., 149 F.3d 794 (8th Cir. 1998).

SINGLER, NAPELL & DILLON, LLP
127 S. Main Street, Sebastopol, CA  95472
(707) 823-8719  (707) 823-8737 Fax

subject matter jurisdiction is based solely on the argument that the federal court has diversity jurisdiction. Because there is no diversity jurisdiction, the Court must remand the case to the Superior Court of the State of California for the County of San Francisco.

## IV.    REQUEST FOR COSTS AND ACTUAL EXPENSES INCLUDING ATTORNEY FEES

On granting a motion for remand, the federal court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal . . ." 28 U.S.C. § 1447(c). This is a separate basis for an award of attorney fees. It does NOT require a showing that the removal was "frivolous" or "vexatious" or lacked an "objectively reasonable basis" as required for sanctions on other theories. See *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992)

Prior to its amendment on November 19, 1988, section 1447(c) provided, in relevant part: "If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs." A finding of bad faith was formerly required to award attorney's fees pursuant to this provision. See *Schmitt v. Ins. Co. of N. Am.*, 845 F.2d 1546, 1552 (9th Cir.1988). As amended, section 1447(c) now provides for "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Congress explicitly removed the requirement that the removal be improvident. As such, a finding of bad faith is no longer required for an award of attorney's fees under the amended statute. See *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992).

Regardless, Sonitrol's counsel was under a duty to ensure that Sonitrol's legal contentions were warranted by existing law (see FRCP Rule 11(b)(2)). Since the verified Complaint alleges it, at the time Sonitrol filed its Notice of Removal it was well aware that there were members of SNDA who are citizens of Pennsylvania and Delaware. The Court should therefore award costs and fees to SNDA.

1    SNDA asks that the Court award it the costs attributed to the removal, and respectfully

2    requests that the court set a briefing schedule so that the parties may present evidence and

3    argument to allow the Court to determine such costs and fees.  This will be proper even after

4    remand and the Court is divested of general jurisdiction;  an award of attorney's fees under 28

5    U.S.C. § 1447(c) is a collateral matter over which a court retains jurisdiction, even after being

6    divested of jurisdiction on the merits.  See  *Moore v. Permanente Med. Group, Inc*. 981 F.2d 443,

7    446 (9th Cir. 1992) [citing *Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, in which the Supreme

8    Court held that district courts retain jurisdiction to award attorney's fees pursuant to Rule 11 after

9    a voluntary dismissal of the suit.]

10    Respectfully submitted,

11

12    May 12, 2008    **Singler, Napell & Dillon, LLP.**

13

14    By: _____/s/_____

15    Bruce Napell,
      Attorneys for SNDA

SINGLER, NAPELL & DILLON, LLP
127 S. Main Street, Sebastopol, CA  95472
(707) 823-8719  (707) 823-8737 Fax