KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
William M. Goodman (SBN 61305)
E-mail: wgoodman@kasowitz.com
Christopher J. McNamara (SBN 209205)
E-mail: cmcnamara@kasowitz.com
101 California Street, Suite 2050
San Francisco, CA 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

STRADLEY, RONON STEVENS & YOUNG, LLP
Jeffrey D. Grossman (admitted *Pro Hac Vice*)
E-mail: jgrossman@stradley.com
2600 One Commerce Square
Philadelphia, PA 19103-7098
Telephone: (215) 564-8061
Facsimile: (215) 564-8120

Attorneys for Defendant
and Counterclaim Plaintiff:
Sonitrol Corporation

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## (SAN FRANCISCO DIVISION)

| | |
|---|---|
| S.N.D.A., a California non-profit mutual benefit corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>SONITROL CORPORATION, a Delaware Corporation, and DOES 1-50,<br><br>        Defendants. | CASE NO.: C 08 – 02168 JL<br><br><br><br>OPPOSITION OF DEFENDANT SONITROL CORPORATION TO PLAINTIFF SNDA'S MOTION TO REMAND AND FOR ATTORNEYS' FEES |

## TABLE OF CONTENTS

Page

I.   INTRODUCTION ..................................................................................................1

II.  STATEMENT OF FACTS AND PROCEDURAL HISTORY................................1

III. ARGUMENT .......................................................................................................2

    A.  Subject Matter Jurisdiction Exists Under 28 U.S.C. § 1332(a)(1) and (c)(1)......................2

        1.  28 U.S.C. § 1332 Authorizes Jurisdiction On The Basis Of Diverse Corporate
            Citizenship. ...............................................................................2

        2.  The Ninth Circuit Has Affirmed The Principles of Corporate Citizenship
            Governing Section 1332. ...............................................................4

        3.  There Is Diversity Of Citizenship Between The Corporate Parties. ..............................6

            a.  SNDA Is Diverse From Sonitrol..............................................................6

            b.  SNDA Is A Real Party To This Controversy...........................................................7

    B.  An Award Of Fees And Costs Under 28 U.S.C. § 1447(c) Is Not Justified.....................10

IV. CONCLUSION..................................................................................................11

Opposition To Motion To Remand, Case No.:  C08 – 02168 JL

L # 756185 v.1

## TABLE OF AUTHORITIES

CASES

Arellano v. Home Depot, U.S.A., Inc.,
    245 F. Supp. 2d 1102 (S.D. Cal. 2003)..................................................................3

Atchison, T. & S.F. Ry. Co. v. Phillips,
    176 F. 663 (9th Cir. 1910) ....................................................................................9

Barnett v. Norfolk & Dedham Mut. Fire Insur. Co.,
    773 F. Supp. 1529 (N.D. Ga. 1991) ...................................................................4, 6

Cary v. Curtis,
    44 U.S. 236 (1845).................................................................................................3

Cote v. Wadel,
    796 F.2d 981 (7th Cir. 1986) .................................................................................5

Downey v. State Farm Fire & Cas. Co.,
    266 F.3d 675 (7th Cir. 2001) .................................................................................3

ECC Constr., Inc. v. Ganson,
    82 Cal. App. 4th 572 (Ct. App. 2000)....................................................................9

FDIC v. Loube,
    134 F.R.D. 270 (N.D. Cal. 1991).........................................................................10

Gardner v. UICI , et al.,
    508 F.3d 559 (9th Cir. 2007) ...............................................................................11

Hoagland v. Sandberg, Phoenix & Von Gontard,
    385 F.3d 737 (7th Cir. 2004) .................................................................................5

Kuntz v. Lamar Corp.,
    385 F.3d 1177 (9th Cir. 2004) ...................................................................... Passim

Martin v. Franklin Capital Corp.,
    546 U.S. 132 (2005)..............................................................................................10

National Ass'n of Realtors v. National Real Estate Ass'n, Inc.,
    894 F.2d 937 (7th Cir. 1990) .................................................................................7

Navarro Savings Ass'n v. Lee,
    446 U.S. 458 (1980)............................................................................................7-8

Pioche Mines Consol. v. Fidelity-Philadelphia Trust, Inc.,
  206 F.2d 336 (9th Cir. 1953) ...........................................................................9

Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc.,
  710 F.2d 87 (2d Cir. 1983) ...............................................................................5

Wong v. Bacon,
  445 F. Supp. 1177 (D.C. Cal. 1977) ..............................................................10

Zee Medical Distributor Ass'n v. Zee Medical, Inc.,
  23 F. Supp. 2d 1151 (N.D. Cal. 1998) ........................................................ 6-8

## STATUTES

Cal. Corp. Code § 7140 ......................................................................................8

Cal Corp. Code § 7350 .......................................................................................8

## RULES

Federal Rule of Civil Procedure 17 ....................................................................7

## CODES

28 U.S.C. § 1332 ....................................................................................... Passim

28 U.S.C. § 1367 ................................................................................................9

28 U.S.C. § 1441 ..........................................................................................2, 10

28 U.S.C. § 1447 ........................................................................................ 10-11

28 U.S.C. § 2201 ................................................................................................2

## OTHER AUTHORITIES

S. Rep. No. 1830, 85th Cong., 2d Sess., reprinted in 1958 U.S.C.C.A.N. 3099 .............................3

L # 756185 v.1

**OPPOSITION OF DEFENDANT
SONITROL CORPORATION TO PLAINTIFF SNDA'S
MOTION TO REMAND AND FOR ATTORNEYS' FEES**

## I.    INTRODUCTION

The Court should deny SNDA's motion to remand and for attorneys' fees.  Subject matter jurisdiction exists in this case on the basis of the diverse corporate citizenship of the parties under 28 U.S.C. §1332.  SNDA's claim that certain non-diverse members of its corporate organization defeat diversity jurisdiction ignores the clear Congressional directives of 28 U.S.C. §1332(c)(1), which states that a corporation is a citizen of its State of incorporation and principal place of business.  Additionally, recent Ninth Circuit precedent squarely rejects SNDA's claim. In Kuntz v. Lamar Corp., 385 F.3d 1177 (9th Cir. 2004), the court established a "bright line rule" and held that the citizenship of a corporate party alone, pursuant to Section 1332(c)(1), and not that of its members, controls for the purposes of diversity jurisdiction.  Since SNDA's corporate citizenship is indisputably diverse from Sonitrol's, the Court possesses subject matter jurisdiction.  No further inquiry into the citizenship of SNDA's members is appropriate.

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

On April 17, 2008, SNDA filed a Complaint in the Superior Court of California against Sonitrol.  See S.N.D.A. v. Sonitrol Corp., et al., No. CGC-08-474387 (Cal. Super. 2008).  In its Complaint, SNDA sought various forms of declaratory and injunctive relief against Sonitrol pursuant to certain franchise contracts existing between Sonitrol and its franchisees, who were alleged to be SNDA members.  (See Compl. at 3:15-23.)  As alleged in the Complaint, SNDA "is a corporation organized and duly existing in accordance with the California Nonprofit Mutual Benefit Corporation Law," and its "general administrative services" are performed in Ohio.  (Id. at 1:22-25)(emphasis added).  Furthermore, SNDA's "legal purpose, as set forth in its Articles of

Incorporation," is to "engage in any lawful act or activity for which a corporation may be organized under such law."  (Id. at 3:2-3.)

Sonitrol timely removed the case under 28 U.S.C. § 1441(b) on April 28, 2008.  The removal petition alleged that SNDA is a California corporation with a principal place of business in Ohio and Sonitrol is a Delaware corporation with its principal place of business in Pennsylvania.  (See Notice of Removal ¶¶ 5-7.)  Thus, removal is properly based on the fact that, as corporate entities, Sonitrol and SNDA are citizens of different States pursuant to 28 U.S.C. § 1332(c)(1), for the purpose of diversity jurisdiction under Section 1332(a)(1).  (Id. ¶ 8.)[1]

Sonitrol filed its Answer, Affirmative Defenses, and Counterclaim on May 6, 2008. Through its Counterclaim, Sonitrol seeks a declaratory judgment, pursuant to the Federal Declaratory Judgment Act (28 U.S.C. § 2201), that SNDA lacks standing to seek the specific declaratory and injunctive relief demanded by its Complaint.  (See Counterclaim ¶¶ 27-30.)[2]

## III.   ARGUMENT

### A.   Subject Matter Jurisdiction Exists Under 28 U.S.C. § 1332(a)(1) and (c)(1).

#### 1.   28 U.S.C. § 1332 Authorizes Jurisdiction On The Basis Of Diverse Corporate Citizenship.

Subject matter jurisdiction exists because of the diverse corporate citizenship of the parties to this action under 28 U.S.C. § 1332(a)(1) and (c)(1).  Section 1332(a)(1) vests original

---

[1]   SNDA does not dispute that the amount in controversy requirement of Section 1332(a) is satisfied.  (See Notice of Removal ¶¶ 9-13.)

[2]   In disregard of the unique provisions of the various franchisee contracts at issue, the distinct laws of the several States implicated by these contracts, the unique course of dealings between Sonitrol and each of its franchisees, and other factors affecting the rights and obligations that exist between Sonitrol and each of its 54 franchisees, SNDA improperly seeks uniform "one size fits all" declaratory and injunctive relief to be applied to all franchisees in a summary fashion.

L # 756185 v.1

jurisdiction in the district courts for cases between "citizens of different States."  Section

1332(c)(1) states that "a corporation shall be deemed to be a citizen of any State by which it has

been incorporated and of the State where it has its principal place of business."  See Arellano v.

Home Depot, U.S.A., Inc., 245 F. Supp. 2d 1102, 1105 (S.D. Cal. 2003) ("if a party is a

corporation, it is a citizen of both its state of incorporation and the state where it has its principal

place of business.").  Section 1332 was designed to neutralize any local bias that an out-of-state

defendant may face.  See 6A Wright & Miller, Fed. Prac. & Proc. § 1556 (2008).  Congress

amended Section 1332 in 1958 to extend the "citizenship" of a corporate party to the State where

it has its "principal place of business," along with its State of incorporation.  This amendment

was designed to ensure that federal courts would not decide purely local controversies.  See S.

Rep. No. 1830, 85th Cong., 2d Sess., reprinted in 1958 U.S.C.C.A.N. 3099, 3101-3102 (noting

that federal jurisdiction is abused when a local business "is enabled to bring its litigation into the

Federal courts simply because it has obtained a corporate charter from another State").

     The jurisdiction of the federal courts is determined solely by Congress, as authorized by

Article III of the Constitution.  See Cary v. Curtis, 44 U.S. 236, 245 (1845) ("[T]he judicial

power of the United States, although it has its origins in the Constitution, is…dependent for its

distribution and organization, and for the modes of its exercise, entirely upon the action of

Congress.").  Article III, Section 2 specifically authorizes Congress to confer jurisdiction in cases

"between Citizens of different States."  28 U.S.C. § 1332(c)(1) thus reflects Congress's intent

that, for purposes of establishing diversity jurisdiction, a corporation is deemed a "citizen" of the

state of its incorporation or its principal place of business.  Moreover, Congress, by its enactment

of Section 1332(c)(1), authorized no inquiry beyond this.  See Downey v. State Farm Fire & Cas.

Co., 266 F.3d 675, 680 (7th Cir. 2001) (noting that courts do not "look past corporate form to the

citizenship of the shareholders or other investors"); <u>Barnett v. Norfolk & Dedham Mut. Fire Insur. Co.</u>, 773 F. Supp. 1529, 1530 (N.D. Ga. 1991) (noting that, for the purpose of determining diversity of citizenship, once "an entity has been properly incorporated pursuant to [state law], no further inquiry is appropriate.")

**2.    <u>The Ninth Circuit Has Affirmed The Principles of Corporate Citizenship Governing Section 1332.</u>**

The Ninth Circuit recently affirmed enforcement of the plain language of Section 1332(c)(1), in a case where, as here, diversity jurisdiction was questioned because of the existence of non-diverse members of a corporation.  In <u>Kuntz v. Lamar Corp.</u>, 385 F.3d 1177 (9th Cir. 2004), the court reasoned that Section 1332(c)(1) was designed as a "bright line rule" to obviate the need to look beyond a party's corporate status in establishing diversity jurisdiction, and held that the citizenship of the corporate party, and not that of its members, controls for the purposes of diversity jurisdiction.  <u>Id.</u> at 1182-1183.

In <u>Kuntz</u>, a corporate cooperative made up of electric company members (the "Cooperative") appealed an adverse verdict to the Ninth Circuit.  The Cooperative argued that the district court lacked diversity jurisdiction because the State citizenship of certain Cooperative members, rather than the citizenship of the Cooperative itself, was the same as the plaintiff.  <u>See</u> 385 F.3d at 1182.  The Cooperative further argued that its members were the "real parties in interest" to the dispute and, consequently, that their citizenship controlled.  <u>See id.</u> at 1183.

The Ninth Circuit court rejected these arguments, holding that the citizenship of a corporation, not its members, is alone dispositive for purposes of diversity jurisdiction.  <u>Id.</u> at

1183.  While acknowledging the "unconventional" nature of the corporation before it,[3] the <u>Kuntz</u> court based its reasoning on the importance of establishing a "bright line rule" in distinguishing corporate "citizens" from others for the purposes of Section 1332.  <u>Id.</u> at 1183 ("the Supreme Court has consistently maintained for purposes of diversity jurisdiction a strict dichotomy between entities incorporated under state law and those enjoying some other status.")  The court stressed the importance of making jurisdictional inquiries "'as simple as possible, so that the time of litigants and judges is not wasted deciding whether a case should be brought.'"  <u>Id.</u> (quoting <u>Cote v. Wadel</u>, 796 F.2d 981, 983 (7th Cir. 1986)); <u>see also</u> <u>Hoagland v. Sandberg, Phoenix & Von Gontard</u>, 385 F.3d 737, 743 (7th Cir. 2004)(in holding that the citizenship of a professional corporation controlled for diversity purposes, noting that "[t]he charm of <u>Cote</u>'s rule is that it avoids the need for judges to entangle themselves in functional inquiries into the differences among corporations." ).

  <u>Kuntz</u> thus stands for the proposition that, for purposes of diversity jurisdiction, corporate citizenship controls, regardless of the corporation's "individual structure, purpose, operations, or name." 385 F.3d at 1183.  Indeed, the <u>Kuntz</u> court announced that, with respect to Section 1332, "'a corporation is a corporation is a corporation.'" <u>Id.</u> (quoting <u>Cote</u>, 796 F.2d at 983.)  <u>Kuntz</u>'s holding is consistent with that of courts from other Circuits that have followed this "bright line rule." <u>See, e.g.</u>, <u>Hoagland</u>, 385 F.3d at 740 ("'The more mechanical the application of a jurisdictional rule, the better.  The chief and often the only virtue of a jurisdictional rule is clarity.'") (citation omitted); <u>Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc.</u>, 710 F.2d

---

[3] The court described the cooperative as a "cooperative marketing association organized to generate and distribute electric power to its members," incorporated under Idaho law and doing business there.  <u>Kuntz</u>, 385 F.3d at 1180.

L # 756185 v.1

87, 89 (2d Cir. 1983) (citizenship of legal services corporation controlled for diversity purposes); Barnett v. Norfolk & Dedham Mut. Fire. Ins. Co., 773 F. Supp. 1529, 1530-31 (N.D. Ga. 1991) (finding that corporate citizenship of mutual insurance company controlled for diversity purposes; noting "it matters not for purposes of diversity whether the corporation is formally shareless or has members rather than shareholders.").

> **3.**   **There Is Diversity Of Citizenship Between The Corporate Parties.**
>
> **a.**   ***SNDA Is Diverse From Sonitrol.***

Under the "bright line rule" endorsed by Kuntz, diversity jurisdiction exists in this case. SNDA acknowledges that it is a California corporation with a principal place of business in Ohio, while Sonitrol is a Delaware corporation with a principal place of business in Pennsylvania.  (See Compl. at 1:22-28.)  Accordingly, complete diversity exists between these corporate parties under Section 1332(a)(1) and (c)(1).  Moreover, SNDA's Complaint and Sonitrol's Counterclaim evince a dispute between national corporations, involving claims arising under contracts executed across the country.  Consequently, there is no danger that this Court will decide a "purely local controversy," which Section 1332 was designed, in part, to avoid.

SNDA claims that its members are the real parties in interest and when their citizenship "is considered, diversity is destroyed."  (Mot. at 5.)  These assertions ignore the clear holding in Kuntz, which is that the citizenship of such members cannot be considered when a corporate party is involved.  Rather, the bright line rule endorsed by the Ninth Circuit is that citizenship of the corporate party alone controls under Section 1332.  See Kuntz, 385 F.3d at 1183.

The principal case relied up by SNDA, Zee Medical Distributor Ass'n v. Zee Medical, Inc., 23 F. Supp. 2d 1151 (N.D. Cal. 1998), is a district court case decided well before Kuntz and, consequently, without the benefit of the Ninth Circuit's guidance and establishment of a

bright line rule.  As a result, the court in <u>Zee Medical</u> disregarded the overriding significance of the corporate status of the party in question.  Therefore, SNDA's contentions, premised as they are in the <u>Zee Medical</u> opinion, must fail in light of <u>Kuntz</u>.[4]

<b>b.</b>      <b><i><u>SNDA Is A Real Party To This Controversy.</u></i></b>

Even if, post-<u>Kuntz</u> and the Ninth Circuit's establishment of the controlling "bright line rule" for incorporated parties, this Court was to consider SNDA's fact-based argument that its members are the "real parties in interest," SNDA still cannot prevail.  For the purpose of examining diverse citizenship, the "real party in interest" under Federal Rule of Civil Procedure 17 does not control.  Rather, the focus (under appropriate circumstances not present here because SNDA is a corporation) is upon whether the named party is a "real party to the controversy" under Section 1332.  <u>Navarro Savings Ass'n v. Lee</u>, 46 U.S. 458, 461 (1980) (citations omitted).

Moreover, the analysis of who constitutes the "real party in interest" under Rule 17, while similar to that of the "real party to the controversy" under Section 1332, does not necessarily yield identical results.  <u>See</u> <u>Zee Medical</u>, 23 F. Supp. 2d at 1153.  Rule 17 is designed to determine the proper party to a controversy and whether that party has capacity to sue.  <u>See id.</u> ("Every action shall be prosecuted in the name of the real party in interest.").  Section 1332

---

[4]    The Supreme Court's decision in <u>Navarro Savings Ass'n v. Lee</u>, 446 U.S. 458, 461 (1980), cited by the <u>Zee Medical</u> court, <u>see</u> 23 F. Supp. 2d at 1155-57, also does not support SNDA's position.  <u>Navarro</u> explicitly recognized the distinction between corporations, "deemed" citizens for the purpose of Section 1332, and unincorporated associations, the citizenship of whose members controls.  <u>See</u> 446 U.S. at 461.  The <u>Navarro</u> court dealt with a business trust, noting specifically that "the case involve[d] neither an association nor a corporation." <u>Id.</u> at 462.  Thus, <u>Navarro</u>, while instructive, does not control the specific issues before the Court.   SNDA's reliance on <u>National Ass'n of Realtors v. National Real Estate Ass'n, Inc.</u>, 894 F.2d 937 (7th Cir. 1990) (<u>see</u> Mot. at 4-5) is similarly misplaced, as this case does not control the resolution of the issues before the Court in light of the Ninth Circuit's decision in <u>Kuntz</u>.

- 7 -

determines the citizenship of the parties to a case for purposes of diversity jurisdiction.

Accordingly, even assuming that SNDA's members each constitute a "real party in interest"

under Rule 17, that does not necessarily mean that SNDA fails to constitute a "real party to the

controversy" under Section 1332.  See Zee Medical, 23 F. Supp. 2d at 1155 (citing Navarro

Savings Ass'n v. Lee, 446 U.S. 458, 461 (1980)).

      Disregarding these distinctions, SNDA simply argues that its members are the "real

parties in interest" and, therefore, it is their respective citizenships that exclusively control under

Section 1332(a).  (Mot. at 4.)  The Ninth Circuit in Kuntz rejected this argument, recognizing

that "[c]orporations suing in diversity have long been deemed to be the real parties in interest."

385 F.3d at 1183.  The court reasoned that, because the Idaho legislature had endowed the

Cooperative with the status of a natural person by virtue of its incorporation, it enjoyed "the

ordinary rights of a person" under Idaho law.  Id.  These rights included the power to manage

and enjoy legal title to its assets, to sue and be sued, and to control litigation in which it was

involved.  See id.  Furthermore, the Ninth Circuit found that the members of the Cooperative

were not individually liable for debts or judgments against it.  See id.  Accordingly, the Kuntz

court held that the Cooperative was the "real party in interest in this controversy."  Id.

      Here, SNDA acknowledges that it is a corporation "organized and duly existing in

accordance with the California Nonprofit Mutual Benefit Corporation Law."  (Compl. at 1:22-

23.)  Moreover, SNDA asserts that its "legal purpose, as set forth in its Articles of

Incorporation," is to "engage in any lawful act or activity for which a corporation may be

organized under such law."  (Compl. at 3:2-3.)  As a nonprofit corporation, SNDA thus enjoys

"all of the powers of a natural person" under California law.  Cal. Corp. Code § 7140.  These

include, "without limitation," the power to conduct its business activities in any other state, to

manage, exchange, or transfer its own assets, to enter into contracts, and to "assume" corporate obligations as well as liabilities.  Id.  However, like the Cooperative's members, SNDA's members are not "personally liable" for these corporate obligations and liabilities.  Cal Corp. Code § 7350(a); see ECC Constr., Inc. v. Ganson, 82 Cal. App. 4th 572, 575-76 (Ct. App. 2000)(noting same).  Furthermore, SNDA initiated and controls this lawsuit.  By virtue of its corporate form and acting in that capacity, SNDA is a real party to this controversy.  See Atchison, T. & S.F. Ry. Co. v. Phillips, 176 F. 663 (9th Cir. 1910); Kuntz, 385 F.3d at 1183.

Finally, assuming *arguendo* that the SNDA members are the real parties either in interest or to this controversy for the claims SNDA asserts on their behalf, SNDA itself is the real party in interest and to this controversy with respect to Sonitrol's Counterclaim.  Indeed, the Counterclaim challenges SNDA's very standing to sue on behalf of its members.  (See Counterclaim ¶¶ 28-30.)  In other words, the basic question posed by the Counterclaim is not whether SNDA *brings* such claims on behalf of its members, but whether it *can*.  Thus framed, the Counterclaim puts in issue SNDA's ability to sue on behalf of its members *in its corporate capacity*.  Since the Counterclaim thus presents a dispute between diverse corporate citizens, it cannot be disputed that subject matter jurisdiction over the Counterclaim exists and presents an independent basis for federal court jurisdiction.  See Pioche Mines Consol. v. Fidelity-Philadelphia Trust, Inc., 206 F.2d 336, 336 (9th Cir. 1953) ("The counterclaim persists where it is supported by an independent ground of federal jurisdiction.").

Once a court establishes jurisdiction over a claim, it may exercise supplemental jurisdiction over a nonfederal claim under 28 U.S.C. § 1367.  See id. ("in any civil action in which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action…that they form part of

the same case or controversy"); <u>FDIC v. Loube</u>, 134 F.R.D. 270, 273 (N.D. Cal. 1991) (noting

that such jurisdiction "enables a federal court to adjudicate claims…arising from the same

transaction or occurrence as a diversity or federal question claim and which do not themselves

meet federal jurisdiction standards.").  Accordingly, the Court could exercise supplemental

jurisdiction over SNDA's claims on the basis of its subject matter jurisdiction over Sonitrol's

Counterclaim.  See <u>Wong v. Bacon</u>, 445 F. Supp. 1177, 1188 (D.C. Cal. 1977) ("If a federal

court has jurisdiction over a compulsory counterclaim with an independent jurisdictional

basis…[the] plaintiff's claim will be within the ancillary jurisdiction of the court.").

     **B.**    <u>**An Award Of Fees And Costs Under 28 U.S.C. § 1447(c) Is Not Justified.**</u>

In addition to remand, SNDA also requests an award of costs and attorneys' fees pursuant

to 28 U.S.C. § 1447(c).  This request is inappropriate because Sonitrol had an objectively

reasonable basis for removing this case.  See <u>Gardner v. UICI , et al.</u>, 508 F.3d 559, 562 (9th Cir.

2007) (district court abused its discretion in awarding attorneys' fees to plaintiff on remand,

where defendant had reasonable basis for removal).  In light of the unequivocal, controlling

guidelines regarding corporate citizenship found in 28 U.S.C. § 1332(c)(1) and the Ninth

Circuit's related "bright line rule" announced in <u>Kuntz</u>, the claim that Sonitrol was aware that

SNDA had non-diverse members (Mot. at 6) at the time of removal is entirely irrelevant.  Under

Section 1332(c)(1) and <u>Kuntz</u>, the corporate citizenship of SNDA, not its members, and Sonitrol

are alone dispositive for purposes of Sections 1332 and 1441.  Since diversity exists, removal

was proper.

Moreover, SNDA's restrictive reading of Section 1447(c) is at odds with the Ninth

Circuit's recent pronouncement of the relevant standard under that statute.  In <u>Gardner</u>, the court

followed the Supreme Court in <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132 (2005), and held

L # 756185 v.1

that fees should not be awarded when the removing party has an "'objectively reasonable basis for seeking removal.'" Gardner, 508 F.3d at 561 (quoting Martin, 546 U.S. at 141). Since Sonitrol had such an "objectively reasonable" basis at the time it removed the case to this Court, an award of costs and attorneys' fees under § 1447(c) is inappropriate.

## IV.    CONCLUSION

For all the foregoing reasons, Sonitrol requests that the Court deny SNDA's motion to remand and for attorneys' fees under 28 U.S.C. § 1447(c).

Respectfully,

/S/ Christopher J. McNamara
KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
William M. Goodman (SBN 61305)
E-mail: wgoodman@kasowitz.com
Christopher J. McNamara (SBN 209205)
E-mail: cmcnamara@kasowitz.com
101 California Street, Suite 2050
San Francisco, CA 94111
Telephone: (415) 421-6140
Facsimile: (415) 398-5030

STRADLEY, RONON STEVENS & YOUNG, LLP
Jeffrey D. Grossman (admitted Pro Hac Vice)
E-mail: jgrossman@stradley.com
2600 One Commerce Square
Philadelphia, PA  19103-7098
Telephone: (215) 564-8061
Facsimile: (215) 564-8120

Attorneys for Defendant
and Counterclaim-Plaintiff:
Sonitrol Corporation