BRUCE NAPELL (State Bar No. 115116)
BRYAN W. DILLON (State Bar No. 203052)
SINGLER, NAPELL & DILLON, LLP
127 S. Main Street
Sebastopol, California 95472
Telephone: (707) 823-8719
Facsimile: (707) 823-8737

Attorneys for S.N.D.A., Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.N.D.A.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SONITROL CORPORATION, et al.<br><br>　　　　Defendants. | CASE NO. 08-CV-02168 JL<br><br>PLAINTIFF'S REPLY TO SONITROL'S OPPOSITION TO MOTION TO REMAND<br><br>Date:　　May 28, 2008<br>Time:　　9:30 a.m.<br>Courtroom: F<br><br>Hon. James Larson<br>United States Magistrate Judge |

Defendant Sonitrol Corporation has attempted to unnecessarily complicate this simple Motion to Remand. Defendant's Opposition is based on inapplicable and distinguishable cases. The straightforward applicable rule is that when an incorporated association is suing on behalf of its members, the presence or absence of diversity is determined by reference to the members' citizenship. Because Sonitrol Corporation is not diverse from all the members of S.N.D.A. ("SNDA"), the Motion to Remand must be granted.

**I.　*KUNTZ* DOES NOT SET THE OUT A RULE APPLICABLE TO CORPORATIONS ACTING IN A PURELY REPRESENTATIVE CAPACITY.**

Plaintiff's Motion to Remand is based on *Zee Medical Distributor Association, Inc. v. Zee Medical, Inc.* 23 F.Supp.2d 1151 (N.D.Cal. 1998), which is directly on point and has not been

1

questioned or overruled. *Zee Medical* held that in its diversity analysis the court must look to the members' citizenship when (as is the case here) an incorporated association is suing purely on their behalf. Defendant's Opposition essentially relies on *Kuntz v. Lamar Corp.*, 385 F.3d 1177 (9th Cir. 2004) for the "bright line rule" that the court need not look beyond a corporate party's citizenship in its diversity jurisdiction analysis. Because the cases are factually distinct, Defendant is incorrect.

*Kuntz* did not directly overrule *Zee Medical*; the opinion does not mention *Zee Medical*. Nor did *Kuntz* indirectly overrule *Zee Medical*, since it was dealing with an entirely distinguishable question. *Kuntz* is an example of another type of case, one in which the corporation's own interests – rather than those of its members - are being adjudicated. In those cases, as is recognized in *Zee Medical* and *National Association of Realtors, infra,* the corporation's citizenship is controlling. In *Zee Medical*, an incorporated association brought suit solely on behalf of its members. The court, relying partly on decisions from other Federal Circuits, concluded that a corporation suing in a representative capacity is not the "real party to the controversy."

*Zee Medical* and the cases it discusses emphasize the importance of representative capacity to the analysis, while Defendant asks this court to ignore it. Discussing *National Association of Realtors v. National Real Estate Association, Inc.*, 894 F.2d 937, 939 (7th Cir.1990), *Zee Medical* states:

> In considering whether diversity jurisdiction existed, the Seventh Circuit refused to limit its inquiry to the citizenship of the association itself. This rule, the court held, presupposes that the wrong is to the corporation rather than to the shareholders or members directly. **If the defendants had blown up NAR's corporate headquarters, or broken a contract they had with the association, the wrong would be to the association** even though the loss resulting from it would be borne ultimately by the real estate agents who are its members .... Since it is the members of NAR who are the real parties in interest so far as the claim for damages on their behalf is concerned, it is their citizenship that counts for diversity purposes. *Zee Medical Distributor Association, Inc. v. Zee Medical, Inc., Supra*, 23 F.Supp.2d 1151, 1156 [emphasis added].

The Second Circuit, in *Airlines Reporting Corp. v. S and N Travel, Inc.,* 58 F.3d 857 (2d Cir. 1995), makes the same distinction:

> **ARC does not suggest that it suffered any corporate damage or pecuniary loss itself** from S & N's failure to pay for the issued airline tickets. Nor does ARC lay claim to any portion of the potential recovery obtained in the lawsuit…. Thus, ARC is a mere conduit for a remedy owing to others, advancing no specific interests of its own. *Id.*, 862 [emphasis added].

*Kuntz* is not concerned with the distinction identified by *Zee Medical* and the Second and Seventh Circuits, because it involves a corporation protecting its own interests.

In *Kuntz* the plaintiff was injured when a pole he was holding came in contact with a high voltage power line **owned and operated** by defendant Kootenai Electric Cooperative, Inc. ("KEC"). KEC sought to assert the citizenship of its members to defeat diversity jurisdiction. Crucially, KEC did not argue that it was merely representing its members' interests - as it could not, since it was being sued in its individual capacity as the owner and operator of the power line. Instead, its argument was based in its "unconventional" structure which it alleged to be "more analogous to a partnership or unincorporated association than to a corporation." *Kuntz, Supra*, 385 F.3d 1177, 1182.

As the court did in *Zee Medical*, in *Kuntz* the Ninth Circuit looked to, *inter alia*, decisions from the Second and Seventh Circuits to help it determine "[w]hether, for purposes of diversity jurisdiction, an unconventional corporation should be treated like any other corporation or like a partnership." *Id.* These foreign Circuit cases, which deal with professional corporations, are the source of the "bright line rule" asserted by Defendant in the Opposition. However, the bright line rule is merely that an association must be treated as a corporation if it chooses to become incorporated.[1] SNDA has no quarrel with this rule, and indeed acknowledges that it is a

---

[1] The cases discussed in *Kuntz, Saxe, Bacon & Bolan, P.C. v. Martindale-Hubbell, Inc.,* 710 F.2d 87, 89 (2d Cir.1983); *Cote v. Wadel*, 796 F.2d 981, 983 (7th Cir.1986); and *Saecker v. Thorie*, 234 F.3d 1010, 1012 (7th Cir.2000), involved professional corporations seeking to defeat diversity jurisdiction by asserting that they should be treated like partnerships. Each of the courts refused to do so, as in *Kuntz*, holding that a corporation is a corporation.

corporation. The court must note, however, that neither *Kuntz* nor the cases it discusses involved a corporation bringing a representative action.

Significantly, one of the cases discussed in *Kuntz* specifically rejected the argument Sonitrol Corporation makes in the Opposition:

> There is thus no tension with *National Ass'n of Realtors v. National Real Estate Ass'n, Inc.*, *supra*, 894 F.2d at 940, which carved **an exception to the rule** of *Cote v. Wadel* **for cases in which the shareholders of a corporation rather than the corporation itself are the real parties in interest**; in that case it is their citizenship, not that of the corporation, that counts. *Saecker v. Thorie, Supra,* 234 F.3d 1010, 1012 [emphasis added].

The same rule, set out in *Zee Medical,* is not incompatible with the holding in *Kuntz* or the cases it cites or the "bright line rule." Those cases apply where a corporation is only asserting or defending its own interests. Where a corporation is acting as a representative, and asserting its members' interests, a different rule applies: that the members' citizenship is relevant to the determination of diversity jurisdiction. Indeed, two years after *Kuntz* another Northern District Judge held that when an incorporated association sues on behalf of its members "it is the citizenship of [its] members that controls in this case for purposes of diversity jurisdiction analysis." *American Land Title Association v. Great American Insurance Company*, 2006 WL 1329782, *4 (N.D. Cal.).

II. **SNDA IS NOT THE REAL PARTY IN INTEREST FOR DIVERSITY PURPOSES.**

Sontrol Corporation offers an alternative argument in opposition to the Motion to Remand. This illogical argument seeks to show that SNDA is a real party in interest for purposes of the diversity analysis because it lacks standing to bring a complaint on behalf of its members. This argument is flawed for several reasons. First, Sonitrol Corporation incorrectly asserts that its counterclaim makes SNDA a real party to the controversy, and magically vests the court with subject matter jurisdiction. Second, Sonitrol Corporation misconstrues *Zee Medical*'s discussion of the distinction between the FRCP Rule 17 analysis of the real party in interest and the diversity jurisdiction analysis to determine the 'real parties to the controversy.'

4

*366/04/0036.1*     PLAINTIFF'S REPLY

1. **Sonitrol Corporation cannot make SNDA the real party in interest by counterclaiming against it.**

   a) **The Counterclaim does not create complete diversity**

Even if the counterclaim were somehow proper, it would not solve Sonitrol Corporation's problem. "28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc*. 236 F.3d 1061, 1067 (9th Cir. 2001). Regardless of the counterclaim, the claims set out in the Complaint are still brought in SNDA's representative capacity. Thus, the citizenship of SNDA's members must still be considered in the diversity analysis. Adding SNDA's citizenship does not subtract the members'. There is still no diversity between the Defendant and all the Plaintiffs, and this matter must therefore be remanded.

   b) **Sonitrol Corporation cannot counterclaim against SNDA in its individual capacity**

Sonitrol Corporation purports to counterclaim against SNDA in its individual capacity, challenging its standing to bring the Complaint. Under Rule 13, Sonitrol Corporation can only counterclaim against SNDA in its representative capacity:

> One of the plaintiff's contentions in support of the motion to dismiss the counterclaim is that it is not directed against an 'opposing party' as required by Rule 13 which provides, in part:
>
> '(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, * * *.
>
> '(b) Permissive Counterclaims. A pleading may state as a counterclaim any claim against an opposing party * * *.'
>
> Under this rule, it has been held that a counterclaim by a defendant in his representative capacity is not permissible in a suit against the defendant in his individual capacity. *Durham v. Bunn,* D.C.E.D. Pa., 1949, 85 F.Supp. 530. A counterclaim against a trustee in his individual capacity has been dismissed where the trustee had sued in his fiduciary capacity. *Chambers v. Cameron*, D.C.N.D. Ill. 1939, 29 F.Supp. 742. *Higgins v. Shenango Pottery Co*., 99 F.Supp. 522, 524 (D.C.Pa. 1951).

Either the counterclaim is improper, and cannot be maintained, or it can only be maintained against SNDA as a representative of its members. In either case, it cannot create diversity.

SINGLER, NAPELL & DILLON, LLP
127 S. Main Street, Sebastopol, CA 95472
(707) 823-8719   (707) 823-8737 Fax

### c) Standing cannot be challenged by a counterclaim

Finally, standing is not properly challenged by a counterclaim for declaratory relief. Rule 17(a)(3) refers to challenging standing by "objection." Thus, the proper procedure is to challenge standing by either a motion to dismiss under Rule 12(b)(6) or by an affirmative defense. See CAL. PRAC. GUIDE FED. CIV. PRO. BEFORE TRIAL, Ch 7-A § 7:21. Similarly, had this remained in State Court, Sonitrol Corporation could have challenged SNDA's standing by demurrer. SNDA will file a Rule 12(b)(6) motion to strike the counterclaim, and will include the cost of bringing that motion in its request for attorneys' fees under 28 USC 1447(c)

### 2. SNDA can be the real party in interest under Rule 17, but not the real party to the controversy for purposes of diversity jurisdiction.

As discussed at length in *Zee Medical*, the concepts of real party in interest under Rule 17 and real party to the controversy for the diversity analysis are related but separate. Rule 17 requires that a plaintiff have the right to sue under the applicable law – otherwise known as "standing."

Associations have standing to sue on behalf of their members under both California and Federal law. An association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted, nor the relief requested, requires the participation of individual members in the lawsuit. (See *California Dental Ass'n v. California Dental Hygienists' Ass'n* (1990) 222 Cal.App.3d 49, 62; citing *Hunt v. Washington State Apple Advertising Commission* (1977) 432 U.S. 333. Associational standing is particularly appropriate in cases in which an association seeks declaratory or other prospective relief. (See *Warth v. Seldin* (1975) 422 U.S. 490, 515). SNDA has sufficiently alleged the elements of associational standing in its Complaint.

As discussed above, the real party to the controversy analysis under 28 USC § 1332 is not the same as the standing analysis:

> There is a "rough symmetry" between the "real party in interest"

> standard of Rule 17(a) and the rule that diversity jurisdiction depends upon the citizenship of real parties to the controversy. But the two rules serve different purposes and need not produce identical outcomes in all cases. *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, fn 9 (1980)

In other words, the real parties in interest may, but need not, be the same as the persons whose citizenship determines diversity jurisdiction. SNDA can satisfy Rule 17's requirements for bringing this action on behalf of its members (associational standing) without being the party whose citizenship determines diversity. Under the rule applicable to corporations suing in a purely representative capacity, as set forth in *Zee Medical* and followed in *American Land Title Association*, that is the case here.

### III. REMOVAL WAS NOT OBJECTIVELY REASONABLE, AND AN AWARD OF FEES AND COSTS IS APPROPRIATE.

Sonitrol Corporation opposes SNDA's 28 U.S.C. § 1447(c) motion for fees and costs incurred due to the improper removal by arguing that it had an "objectively reasonable basis" for its decision to remove the action. As stated in SNDA's moving papers, an award of fees under § 1447(c) does not require bad faith, or that the removal was frivolous, or lacking in a reasonable basis. *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443 (9th Cir. 1992). It is sufficient that the removal was improper.

Sonitrol Corporation relies on *Gardner v. UICI*, 508 F.3d 559 (9th Cir. 2007) (and through it on *Martin v. Franklin Capital Corp.*, 546 US 132 (2005)) in its argument that fees and costs should not be awarded where there was an objectively reasonable basis for removal. However, *Gardner* sets the bar relatively high as to what is an "objectively reasonable basis." *Gardner* involved a convoluted set of facts: removal was based on the assertion that the claim against the non-diverse party was barred by the statute of limitations. In granting and affirming the remand, both the District Court and the 9th Circuit agreed remand was proper because "a California court 'could' conclude" that the claim against the non-diverse defendant was not time barred. *Gardner, Supra,* 560. Because the courts recognized that the eventual resolution of the statue of limitations claim was not easily predictable, *Gardner* held that removal had been objectively reasonable, and

SINGLER, NAPELL & DILLON, LLP
127 S. Main Street, Sebastopol, CA 95472
(707) 823-8719   (707) 823-8737 Fax

the fee award was overturned. This is not the same as a rule that any justification for removal is objectively reasonable.

Here, Sonitrol Corporation did not have an objectively reasonable basis for removing this matter. Paragraph 8 of the Complaint clearly states that "[f]or the purposes of this action, SNDA is representing the interests of its members." Paragraph 7 alleges that SNDA has members who are citizens of Pennsylvania and Delaware. Sonitrol Corporation thus had notice of SNDA's representative capacity and its members' citizenship, and that they were important. Blind reliance on the supposed bright line rule of *Kuntz* was thus not reasonable. The significant factual differences between this case and *Kuntz* warranted additional investigation.

The party's motives for removal are also relevant. In *Martin* the Supreme Court held that § 1447(c) left the decision to award fees and costs to the discretion of the court, based on its consideration of what is "just" in each case. The Court refused to weigh the scales in general for or against such awards, but did spell out at least some circumstances under which an award would be proper:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. **The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party,** while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied. *Martin, Supra,* 546 US 132, 141 [emphasis added].

Here, Sonitrol Corporation's actions clearly indicate that it removed this matter to delay it and to impose costs on SNDA. Plaintiff filed its removal petition hours before Plaintiff was to appear in State Court on an Ex Parte Application for a Temporary Restraining Order. [Napell Declaration, ¶¶ 4 – 5]. The effect of removal has been to delay the hearing on Plaintiff's Application during the pendency of the Motion to Remand. Furthermore, before filing this motion Plaintiff's counsel discussed the basis of its motion to remand with Defendant's counsel and requested that Sonitrol

8

*366/04/0036.1*                                              PLAINTIFF'S REPLY

Corporation stipulate to a remand. Sonitrol's counsel refused. [Napell Declaration, ¶¶ 7 – 8]. Thus, Sonitrol Corporation could have mitigated the delay and cost, and avoided the award of fees and costs, by agreeing to a stipulation.

### IV.   CONCLUSION

For all the above reasons, SNDA's Motion to Remand, and its motion for fess and costs, should be granted. As the removing party, Defendant has the burden of establishing the basis for subject matter jurisdiction – here the complete diversity of the opposing parties. Because SNDA brought this action in its representative capacity, diversity is determined based on the citizenship of each of its members. Since SNDA has members who are citizens of the two states of which Sonitrol Corporation is a citizen, diversity does not exist, and this matter should be remanded.

None of Sonitrol Corporation's arguments alter the basic facts. *Zee Medical* and *American Land Title Association* recognize that corporations suing in an entirely representative capacity are subject to an exception to the "bright line rule" referred to in *Kuntz*. The inclusion of a counterclaim against SNDA in its individual capacity (if appropriate) would only add another citizenship to the equation, it does not mean SNDA is no longer representing its members. Since its members' citizenship remains relevant, there is no diversity.

Finally, the motion for attorneys fees and costs should be granted. Sonitrol Corporation removed this matter without an objectively reasonable basis, and refused to stipulate to remand when offered the chance. An award of fees and costs incurred due to the removal would thus be just.

Respectfully submitted,

May 22, 2008                                            **Singler, Napell & Dillon, LLP.**

By: _____/s/_____ .
  Bruce Napell,
  Attorneys for SNDA