BRUCE NAPELL (State Bar No. 115116)
BRYAN W. DILLON (State Bar No. 203052)
SINGLER, NAPELL & DILLON, LLP
127 S. Main Street
Sebastopol, California 95472
Telephone: (707) 823-8719
Facsimile:  (707) 823-8737

Attorneys for S.N.D.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.N.D.A., a California non-profit mutual benefit corporation,<br><br>       Plaintiff,<br><br>    v.<br><br>SONITROL CORPORATION, a Delaware corporation; and DOES 1-50.<br><br>       Defendants. | CASE NO.  08-CV-02168 JL<br><br>PLANITIFF'S NOTICE OF MOTION AND MOTION TO STRIKE COUNTERCLAIM (FRCP Rule 12(b)(6))<br><br>Date:      July 2, 2008<br>Time:     9:30 a.m.<br>Courtroom: F<br><br>Hon.  James Larson<br>United States Magistrate Judge |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on July 2, 2008 at 9:30 a.m., in Courtroom F of this court, located at 450 Golden Gate Avenue, San Francisco, California, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), Plaintiff S.N.D.A. will move to strike Defendant's Counterclaim for failure to state a claim upon which relief can be granted.  This motion is made on two grounds:

1

1. That pursuant to FRCP Rule 13 Defendant cannot bring a Counterclaim against Plaintiff in its individual capacity because Plaintiff is only before the court in a representative capacity; and

2. That pursuant to FRCP Rule 12(b) Defendant cannot challenge Plaintiff's standing to bring the Complaint in this matter by Counterclaim, the only authorized method is by motion or as an affirmative defense.

The motion will be based upon this Notice, the points and authorities set forth below, the Declaration of Bruce Napell in Support of Motion to Strike, the complete files and records of this action, and on such evidence as the Court may deem necessary.

May 27, 2008                                    **Singler, Napell & Dillon, LLP.**

                                                By: _____/s/_____
                                                Bruce Napell,
                                                Attorneys for SNDA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

S.N.D.A. ("SNDA") is an incorporated trade association whose members are franchisees under contract with Defendant Sonitrol Corporation ("Sonitrol"). This case was initially filed on April 17, 2008, in the Superior Court of the State of California for the County of San Francisco. The complaint, which states eight causes of action for declaratory and injunctive relief, is brought on behalf of SNDA's members; SNDA does not assert its own rights or seek any remedies on its own behalf. On or about April 28, 2008, Sonitrol removed the case to the United States District Court for the Northern District of California, by filing a Notice of Removal.

Sonitrol filed its Answer on May 6, 2008. The Answer includes a single Counterclaim against SNDA for a declaration that SNDA lacks standing to bring an action for declaratory relief on behalf of its members against Sonitrol. In its Opposition to SNDA's Motion to Remand, Sonitrol stated that its counterclaim is made against SNDA in its individual, and not its representative, capacity.

SNDA brings this Motion to Strike Sonitrol's Counterclaim on the ground that Sonitrol cannot counterclaim against SNDA in its individual capacity when SNDA is only before the court in a representative capacity, and that an objection to standing may not be brought by counterclaim, but may only be raised by motion or as an affirmative defense.

## II.  LEGAL ARGUMENT

"Federal Rule of Civil Procedure 12(b)(6) permits any defendant to a complaint, counterclaim, or cross-claim to move for dismissal for 'failure to state a claim upon which relief can be granted.'" *Western Capital Partners, LLC v. Brookhollow, LLC*, 2007 WL 1202851 (E.D.Va.,2007). "On a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, the court must accept the factual allegations of the non-moving party as true and draw all reasonable inferences in its favor." *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F.Supp.2d 620, 621 (S.D.N.Y.,2008).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid*., a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007).

Here, Sonitrol has asserted a Counterclaim requesting a declaration that "SNDA lacks standing to seek declaratory relief in order to adjudicate the rights and obligations of Sonitrol with respect to **any** Sonitrol franchisee or group of Sonitrol franchisees" [Answer p. 22, emphasis added]. As set forth below, Sonitrol cannot plausibly set forth facts which would entitle it to such relief.

### 1. Sonitrol cannot counterclaim against SNDA in its individual capacity.

Sonitrol Corporation purports to counterclaim against SNDA in its individual capacity, challenging its standing to bring the Complaint.[1] Under Rule 13, Sonitrol Corporation can only counterclaim against SNDA in its representative capacity:

> One of the plaintiff's contentions in support of the motion to dismiss the counterclaim is that it is not directed against an 'opposing party' as required by Rule 13 which provides, in part:
>
> '(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, * * *.
>
> '(b) Permissive Counterclaims. A pleading may state as a counterclaim any claim against an opposing party * * *.'
>
> Under this rule, it has been held that a counterclaim by a defendant in his representative capacity is not permissible in a suit against the defendant in his individual capacity. *Durham v. Bunn*, D.C.E.D. Pa., 1949, 85 F.Supp. 530. A counterclaim against a trustee in his individual capacity has been dismissed where the trustee had sued in his fiduciary capacity. *Chambers v. Cameron*, D.C.N.D. Ill. 1939, 29 F.Supp. 742. *Higgins v. Shenango Pottery Co*., 99 F.Supp. 522, 524 (D.C.Pa. 1951).

See *Purcell v. Keane* 430 F.2d 482 (3rd Cir. 1970) [citing and relying on *Higgins*]; see also *Pioche Mines Consol, Inc. v. Fidelity-Philadelphia Trust Co*., 206 F.2d 336,337 (9th Cir.1953) [holding

---

[1] See Sonitrol's Opposition to Motion to Remand, p. 9.

that the Plaintiff had waived its argument under *Higgins* by answering the counterclaim in its individual capacity without objection]; and *Enfission, Inc. v. Leaver*, 408 F.Supp.2d 1093, 1097 (WD Wash. 2007) [acknowledging the rule in *Higgins* and setting out an exception in the case of a derivative action brought by shareholders of a closely held corporation].

The rationale behind the *Higgins* ruling, and the cases which follow it, is that a party suing in a representative or fiduciary capacity does not directly benefit from a favorable result in its suit. Thus, although an association can have standing to bring a suit in wholly a representative capacity,[2] the representative party is thus not truly an "opposing party" for the purpose of being subjected to a counterclaim. See, e.g., *Scott v. U.S.*, 354 F.2d 292 (Ct.Cl. 1965), holding *Higgins* inapplicable where a single partner sued on behalf of the partnership, because all partners share pro rata in any benefit to the partnership. It is undisputed that SNDA brings the complaint solely in a representative capacity: the Complaint seeks a declaration of SNDA's members' rights under their franchise agreements with Sonitrol, while SNDA is not itself a Sonitrol franchisee.[3] Because Sonitrol has brought its counterclaim against SNDA in its individual capacity, the clear rule of *Higgins* requires that Sonitrol's counterclaim against SNDA must be stricken.

### 2.   Standing cannot be challenged by a counterclaim

Standing is not properly challenged by a counterclaim for declaratory relief. Rule 17 provides that an action must be brought by a party with a sufficient interest in the matter to litigate properly:

> [T]he question of standing is a preliminary matter which does not go to the merits of the case…. 'The fundamental aspect of standing is that it focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated.' *Blackhawk Heating & Plumbing Co. v. Driver*, 433 F.2d 1137, 1140 (C.A.D.C. 1970) [quoting *Flast v. Cohen*, 392 U.S. 83 (1968)].

Rule 17(a)(3) refers to challenging standing by "objection." Thus, the proper procedure is to challenge standing by either a motion to dismiss under Rule 12(b)(6) or by an affirmative defense.

---

[2] See e.g., *Hunt v. Washington State Apple Advertising Commission* (1977) 432 U.S. 333.

[3] See Declaration of Bruce Napell in Support of Motion to Strike.

3

366/04/0039.1                                    MOTION TO STRIKE

See Cal. Prac. Guide Fed. Civ. Pro. Before Trial, Ch 7-A § 7:21.  Similarly, had this remained in State Court, Sonitrol Corporation could have challenged SNDA's standing by demurrer.

As quoted above, Rule 13 relates to both compulsory and permissive counterclaims.  The unifying factor, however, is that both types of counterclaims must be "claims" against the opposing party.  Sonitrol's purported counterclaim does not assert a "claim" against SNDA.  Instead, it raises a defense.[4]  That this is so is demonstrated by Sonitrol's assertion of the same "claim" as its Seventh Affirmative Defense:  "Plaintiff's claims may be barred, in whole or in part, because it lacks standing to raise its claims."[5]

Although Sonitrol has (for tactical reasons[6]) styled its challenge to SNDA's standing as a counterclaim, treating it as a counterclaim would not further the objective behind Rule 13:

> The requirement that counterclaims arising out of the same transaction or occurrence as the opposing party's claim 'shall' be stated in the pleadings was designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters. *Southern Const. Co. v. Pickard*, 371 U.S. 57, 60 (1962).

In particular, there could be no multiplicity of suits.  SNDA's standing to bring this action will necessarily be decided in the course of this action; not only can the court raise standing *sua sponte*, but Sonitrol has objected to SNDA's standing in its Seventh Affirmative Defense.  Indeed, the idea of Sonitrol bringing a future, separate action against SNDA to challenge its standing to sue Sonitrol is ludicrous.

Finally, Rule 12(b) sets out the correct methods of raising defenses:

> (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

---

[4]  Sonitrol has not identified any obligation SNDA owes it, legal or financial.  It has merely challenged SNDA's right to represent its members in this action, which is not a "claim" under any ordinary usage of the word.

[5]  Because the Counterclaim essentially duplicates the defense set out in the Seventh Affirmative Defense, the court can also strike the Counterclaim as "redundant" under Rule 12(f).

[6]  The existence of the Counterclaim was one of Sonitrol's arguments in opposition to SNDA's Motion to Remand.  Opposition, pp. 9 - 10.

      (1) lack of subject-matter jurisdiction;

      (2) lack of personal jurisdiction;

      (3) improper venue;

      (4) insufficient process;

      (5) insufficient service of process;

      (6) failure to state a claim upon which relief can be granted; and

      (7) failure to join a party under Rule 19.

Rule 12 specifically requires that defenses must be asserted in the responsive pleading or by motion. A counterclaim asserts a "claim" not a defense. Thus, Rule 12(b) requires that a challenge to standing be asserted as a defense or made by motion. Sonitrol's counterclaim asserting the same defense as its Seventh Affirmative Defense, clearly violates Rule 12(b) and it should be stricken pursuant to Rule 12.

### III. CONCLUSION

  Sonitrol's purported Counterclaim must be stricken from its Answer for two main reasons. First, it is asserted against SNDA individually, although SNDA is only before the court in a representative capacity. Case law is clear that Rule 17 does not permit a counterclaim against a party individually where the party has not appeared in its individual capacity. Second, lack of standing is a defense, not a claim. Standing, therefore, cannot be brought as a counterclaim, but must be raised as a defense in the answer, or by motion. Finally, because Sonitrol has challenged SNDA's standing both as an Affirmative Defense and in its Counterclaim, pursuant to Rule 12(f), the Counterclaim may be stricken as redundant.

  Respectfully submitted,

May 27, 2008              **Singler, Napell & Dillon, LLP.**

                   By: _____/s/_____
                      Bruce Napell,
                      Attorneys for SNDA

5

*366/04/0039.1*                               MOTION TO STRIKE

SINGLER, NAPELL & DILLON, LLP
127 S. Main Street, Sebastopol, CA 95472
(707) 823-8719  (707) 823-8737 Fax