United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.N.D.A., a California non-profit mutual benefit corporation,<br><br>            Plaintiff,<br><br>      v.<br><br>SONITROL CORP., a Delaware corporation, et al.,<br><br>            Defendant.<br>_____/ | No. C- 08-2168   JL<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING AWARD OF ATTORNEY FEES**<br>**(Granting in Part Docket # 11)** |

**Introduction**

Plaintiff's motion to remand this case to San Francisco Superior Court and for an award of expenses including attorney fees (Docket # 11) came on for hearing on shortened time by stipulation of the parties, who all consented to this Court's jurisdiction pursuant to 28 U.S.C. §636(c). Bruce Napell, SINGLER, NAPELL, & DILLON, LLP, Sebastopol, California, appeared for Plaintiff SNDA. Jeffrey D. Grossman, STRADLEY, RONON, STEVENS & YOUNG, LLP, Philadelphia, Pennsylvania, appeared *pro hac vice* for Defendant Sonitrol Corporation ("Sonitrol").

The matter having been fully considered and good cause appearing, the Court hereby grants the motion to remand but denies an award of expenses, including attorney fees.

## Background

Plaintiff SNDA ("SNDA") is a California corporation organized in accordance with the California Mutual Benefit Corporation Law. Its "general administrative services" are performed in Ohio. (Complaint at 1:22-25)(emphasis added). SNDA's "legal purpose, as set forth in its Articles of Incorporation," is to "engage in any lawful act or activity for which a corporation may be organized under such law." (*Id.* at 3:2-3.) It has no shareholders, and no person or entity has any financial interest in SNDA. (Certificate of Interested Entities or Persons, filed at Docket # 10) It represents its members, who are Sonitrol franchisees. Some franchises are corporate franchises, owned by Sonitrol. ( *Id.* at Ex. A) SNDA's members are located in 32 states (Complaint at ¶7)

SNDA filed this case in San Francisco Superior Court on April 17, 2008, with an application for a Temporary Restraining Order ("TRO"). (Ex. B. To Notice of Removal) Sonitrol removed the case to this Court on April 28, 2008. (Docket # 1). The parties have reached an agreement regarding two of the three issues in the TRO. They have been unable to resolve the third issue - Sonitrol's authority to require franchisees to choose between servicing National Accounts under what Plaintiff contends are "commercially unreasonable terms" or to permit Sonitrol to sell to and service customers within the franchisee's territory or marketing area. If this Court remands the case to Superior Court, Plaintiff will renew its application for a TRO with respect to this issue only.

## Analysis

SNDA asks this Court to conclude that it lacks subject matter jurisdiction and remand the case to state court on the grounds that Plaintiff, a non-profit mutual benefit corporation, appears in a representative capacity, (Complaint at ¶8), and the domicile of its members therefore establishes citizenship for purposes of diversity. *Zee Medical Distributors Association, Inc. v. Zee Medical, Inc.*, 23 F.Supp. 2d 1151, 1155, 1156 (N.D.Cal. 1998). Plaintiffs' members include corporations which are citizens *inter alia*, of California, Delaware and Pennsylvania. Sonitrol is a Delaware corporation with its principal

place of business in Pennsylvania. Accordingly, SNDA argues, there is no diversity of citizenship between SNDA and Sonitrol.

Sonitrol asks the Court to assert diversity jurisdiction on the basis that it is SNDA's citizenship alone which decides diversity, not that of its members. Sonitrol relies on the Ninth Circuit opinion in the *Kuntz* case. (*Kuntz v. Lamar* Corp., 385 F.3d 1177 (9th Cir. 2004)) In that case, an independent contractor brought a personal injury action against an electric cooperative and others for injuries sustained when a metal rod he was removing from a billboard came in contact with an electric transmission line. Following a jury verdict, the district court entered judgment for the contractor, and the cooperative appealed, alleging, *inter alia*, that the district court lacked subject matter jurisdiction because some of its members were residents of the same state as the plaintiffs. The Ninth Circuit affirmed the verdict, finding the district court did have jurisdiction because in that case it was the corporate cooperative's citizenship, not the individual members', which established citizenship for diversity.

### The facts of this case distinguish it from *Kuntz*

Plaintiff's Motion to Remand is based on *Zee Medical Distributor Association, Inc. v. Zee Medical, Inc.* 23 F.Supp.2d 1151 (N.D.Cal. 1998), which is directly on point and has not been questioned or overruled. *Zee Medical* held that in its diversity analysis the court must look to the members' citizenship when (as is the case here) an incorporated association is suing purely on their members' behalf. Defendant's Opposition essentially relies on *Kuntz* for a "bright line rule" that the court need not look beyond a corporate party's citizenship in its diversity jurisdiction analysis. Because the cases are factually distinct, Defendant is incorrect.

*Kuntz* did not directly overrule *Zee Medical*. The opinion does not mention *Zee Medical*. Nor did *Kuntz* indirectly overrule *Zee Medical*, since it was dealing with an entirely distinguishable question. *Kuntz* is an example of another type of case, one in which the corporation's own interests - - rather than those of its members - - are being adjudicated. In those cases, as is recognized in *Zee Medical* and *National Association of Realtors*, infra,

the corporation's citizenship is controlling. In *Zee Medical*, an incorporated association brought suit solely on behalf of its members. The court, relying partly on decisions from other Federal Circuits, concluded that a corporation suing in a representative capacity is not the "real party to the controversy."

*Zee Medical* and the cases it discusses emphasize the importance of representative capacity to the analysis. Discussing *National Association of Realtors v. National Real Estate Association, Inc.*, 894 F.2d 937, 939 (7th Cir.1990),the decision in *Zee Medical* reads:

"In considering whether diversity jurisdiction existed, the Seventh Circuit refused to limit its inquiry to the citizenship of the association itself. This rule, the court held, presupposes that the wrong is to the corporation rather than to the shareholders or members directly. If the defendants had blown up NAR's corporate headquarters, or broken a contract they had with the association, the wrong would be to the association even though the loss resulting from it would be borne ultimately by the real estate agents who are its members .... *Since it is the members of NAR who are the real parties in interest so far as the claim for damages on their behalf is concerned, it is their citizenship that counts for diversity purposes*." *Zee Medical Distributor Association, Inc. v. Zee Medical, Inc., Supra,* 23 F.Supp.2d 1151, 1156 [emphasis added].

The Second Circuit, in *Airlines Reporting Corp. v. S and N Travel, Inc.*, 58 F.3d 857 (2d Cir. 1995), makes the same distinction: "ARC does not suggest that it suffered any corporate damage or pecuniary loss itself from S & N's failure to pay for the issued airline tickets. Nor does ARC lay claim to any portion of the potential recovery obtained in the lawsuit…. Thus, ARC is a mere conduit for a remedy owing to others, advancing no specific interests of its own." *Id.*, 862. The court in *Kuntz* was not concerned with the distinction identified by *Zee Medical* and the Second and Seventh Circuits, because the facts in *Kuntz* involved a corporation protecting its own interests.

In *Kuntz* the plaintiff was injured when a pole he was holding came in contact with a high voltage power line owned and operated by defendant Kootenai Electric Cooperative,

Inc. ("KEC"). KEC sought to assert the citizenship of its members to defeat diversity jurisdiction. Crucially, KEC did not argue that it was merely representing its members' interests - - as it could not, since it was being sued in its individual capacity as the owner and operator of the power line. Instead, its argument was based on its "unconventional" structure which it alleged to be "more analogous to a partnership or unincorporated association than to a corporation." *Kuntz, Supra*, 385 F.3d 1177, 1182.

As the court did in *Zee Medical*, in *Kuntz* the Ninth Circuit looked to, *inter alia*, decisions from the Second and Seventh Circuits to help it determine "[w]hether, for purposes of diversity jurisdiction, an unconventional corporation should be treated like any other corporation or like a partnership." *Id.* However, the bright line rule is merely that an association must be treated as a corporation if it chooses to become incorporated. SNDA has no quarrel with this rule, and indeed acknowledges that it is a corporation.

The same rule, set out in *Zee Medical*, is not incompatible with the holding in *Kuntz* or the cases it cites or the "bright line rule." Those cases apply where a corporation is only asserting or defending its own interests. Where a corporation is acting as a representative, and asserting its members' interests, a different rule applies: that the members' citizenship is relevant to the determination of diversity jurisdiction. Indeed, two years after *Kuntz* another Northern District Judge held that when an incorporated association sues on behalf of its members "it is the citizenship of [its] members that controls in this case for purposes of diversity jurisdiction analysis." *American Land Title Association v. Great American Insurance Company*, 2006 WL 1329782, *4 (N.D. Cal.).

In this case, SNDA has no stake in the outcome of the litigation, other than the interests of its members. Accordingly, it is its members' citizenship, not SNDA's which must establish diversity jurisdiction. Since the members' citizenship destroys diversity, this case must be remanded to state court.

**Sonitrol's argument that SNDA lacks standing is circular**

Sonitrol asserts another basis for this Court's jurisdiction in addition to Plaintiff's Complaint. Sonitrol counterclaims that SNDA lacks standing to sue on behalf of its

members. (Counterclaim at ¶28-30). Sonitrol asserts that the very existence of the counterclaim confirms that this is a lawsuit between two corporations and that therefore it is the citizenship of each corporation that matters and not the citizenship of SNDA's members. Sonitrol contends that its counterclaim establishes an independent basis for federal jurisdiction, as between diverse corporate citizens. *Pioches Mines Consol. V. Fidelity-Philadelphia Trust, Inc.*, 206 F.2d 336 (9th Cir. 1953). This Court could then assert supplemental jurisdiction over SNDA's claim in its complaint on the basis of its subject matter jurisdiction over Sonitrol's counterclaim. *Wong v. Bacon*, 445 F.Supp. 1177, 1188 (N.D.Cal. 1977) ("If a federal court has jurisdiction over a compulsory counterclaim with an independent jurisdictional basis . . .[the] plaintiff's claim will be within the ancillary jurisdiction of the court.") However, this case is distinguishable from the *Pioches Mines* case, where the court ruled that the counterclaim persisted because it rested on an independent basis for jurisdiction: the parties' diversity of citizenship. Sonitrol's reasoning is circuitous at best - - it asks the Court to find that the holding in *Pioches Mines* mandates that the existence of a counterclaim proves diversity even if the Court would only have jurisdiction if the parties were diverse. This misstates the holding in *Pioches Mines*. That court found an independent basis for the defendant's counterclaim - - the parties' diversity of citizenship, which the court confirmed. In this case, there is no independent basis for Sonitrol's counterclaim - - it still rests on Sonitrol's claim of diversity of citizenship, which this Court denies.

Even if the counterclaim for SNDA's alleged lack of standing to sue on behalf of its members were proper, which the Court refrains from deciding at this juncture, it would not create diversity. As the court held in *Morris v. Princess Cruises*: "28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001). In this case, regardless of the counterclaim, the claims set out in the Complaint are still brought in SNDA's representative capacity. Thus, the

citizenship of SNDA's members must still be considered in the diversity analysis. Adding SNDA's citizenship does not subtract the members'. There is still no diversity between the Defendant and all the Plaintiffs, and this matter must therefore be remanded.

**Attorney Fees**

SNDA requests an award of costs and expenses, including attorney's fees, for the improper removal. A court need not find that removal was "frivolous" or "vexatious" or lacked an "objectively reasonable basis" as required for sanctions on other theories. *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992). No finding of bad faith is required, but the court must still undertake some review of the merits of the removal petition to assess the reasonableness of the attempted removal. *Id.* at 445-447. An award of fees and costs should be affirmed if it is "fair and equitable under all the circumstances." *Morris v. Bridgestone/Firestone, Inc.* 985 F.2d 238, 240 (6th Cir.1993). This Court finds that Sonitrol reasonable relied on the *Kuntz* case, a court of appeals decision, as ultimate authority over *Zee Medical*, an earlier district court case, although it proves to be factually distinguishable. Finally, Sonitrol, presupposing that SNDA's citizenship, not its members', determines diversity jurisdiction over the counterclaim, promotes its counterclaim as an independent basis for diversity jurisdiction. This argument is unavailing, but the Court will not penalize Sonitrol or its counsel for making it. For all the above reasons, this Court finds that an award of attorney fees would not be fair and equitable in this case. Accordingly, although Plaintiff's motion for remand is granted, the portion of Plaintiff's motion requesting an award of attorney's fees is denied.

IT IS SO ORDERED.

DATED: June 4, 2008

_____
James Larson
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIVIL\08-2168\Order Grant 11-final.wpd